**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| Dicson Jose Bello Toro, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 1:26-CV-1107-ADA-ML |
| | § | |
| Markwayne Mullin, et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Dicson Jose Bello Toro's ("Petitioner") Petition for Writ of Habeas Corpus under 26 U.S.C. § 2241, filed on April 29, 2026. Dkt. No. 1. On May 4, 2026, this Court entered an order for the Federal Respondents to show cause as to why the petition should not be granted. Dkt. No. 3. Respondents filed their response on May 8, 2026. Dkt. No. 5. Having considered the parties' arguments, the applicable law, and the relevant facts, the Court finds Petitioner's Petition for Writ of Habeas Corpus should be denied.

The Fifth Circuit has rejected relevant statutory arguments in *Buenrostro-Mendez v. Bondi*, which is binding precedent on this Court. No. 25-20496,166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). The Court finds it is bound by the Fifth Circuit's recent decision in *Buenrostro-Mendez* and that Petitioner is lawfully detained under § 1225 rather than § 1226.

The Court has likewise denied similar habeas relief on constitutional grounds, as well as challenges brought under the Administrative Procedure Act. *See Rodriguez Hernandez v. Collins, et al.*, No. 1:26-CV-00289-ADA-ML (W.D. Tex. Mar. 9, 2026). The Court incorporates by reference its prior analysis denying habeas relief in *Rodriguez Hernandez.* For the reasons stated

previously and incorporated herein, the Court finds that Petitioner's requested relief should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED.** All other requested relief is hereby denied.

**SIGNED** on June 11, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE